**LIHUA LIN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., U.S. Attorney**

General,* Respondent.

No. 07–5173–ag.

United States Court of Appeals,
Second Circuit.

June 23, 2009.

Gary J. Yerman, New York, NY, for
Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Francis W. Fraser, Senior
Litigation Counsel; John J.W. Inkeles,
Trial Attorney, United States Department
of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for
Respondent.

PRESENT: Hon. DENNIS JACOBS,
Chief Judge, Hon. JON O. NEWMAN and
Hon. PIERRE N. LEVAL, Circuit
Judges.

### SUMMARY ORDER

Petitioner Lihua Lin, a native and citizen of the People's Republic of China,
seeks review of an October 26, 2007 order
of the BIA denying her motion to reopen.
*In re Lihua Lin,* No. A97 470 593 (B.I.A.
Oct. 26, 2007). We assume the parties'
familiarity with the underlying facts and
procedural history in this case.

We review the BIA's denial of a motion
to reopen for abuse of discretion. *Ali v.
Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).
Where the BIA considers relevant evidence of country conditions in evaluating a
motion to reopen, we review the BIA's
factual findings under the substantial evidence standard. *See Jian Hui Shao v.
Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).
We find that the BIA did not err in denying Lin's untimely motion to reopen or in
finding her ineligible to file a successive
asylum application.

Lin argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient
to excuse the time limitation for filing her
motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar
evidence in the context of an untimely
motion to reopen and have found no error
in its conclusion that such evidence was
insufficient to establish material changed
country conditions or an objectively reasonable fear of persecution. *See id.* at
169–72 (noting that "[w]e do not ourselves
attempt to resolve conflicts in record evidence, a task largely within the discretion
of the agency"); *see also Wei Guang
Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.
2006) (noting that while the BIA must
consider evidence such as "the oft-cited
Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in
summary fashion without a reviewing
court presuming that it has abused its
discretion").

Similarly, the BIA's determination that
Lin was ineligible to file a successive asylum application was not in error. *See
Yuen Jin v. Mukasey,* 538 F.3d 143, 156,
158–59 (2d Cir.2008).

For the foregoing reasons, the petition
for review is DENIED. As we have completed our review, any stay of removal that
the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).